**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| Robert Hokanson,<br><br>   Plaintiff,<br>v.<br><br>Pinnacle Financial Group Incorporated; and DOES 1-10, inclusive,<br><br>   Defendants. | Civil Action No.: 8:10-cv-1243<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Robert Hokanson, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4. The Plaintiff, Robert Hokanson ("Plaintiff"), is an adult individual residing in Germantown, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, ("Pinnacle Financial Group Incorporated"), is a business entity with an address of 7825 Washington Avenue South, Suite 310, Minneapolis, Minnesota 55439, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by the Defendant and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. The Defendant at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation in the approximate amount of $433.59 (the "Debt") to T-Mobile (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to the Defendant for collection, or the Defendant was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Engages in Harassment and Abusive Tactics

12. The Defendants called the Plaintiff every day.

13. The Defendants called Plaintiff numerous times with conflicting offers to settle

the debt, altering terms during every conversation.

14. The Defendants threatened to adversely affect the Plaintiff's credit report.

15. The Defendants spoke to the Plaintiff in a rude, nasty, and obnoxious manner.

16. The Plaintiff, believing the Debt was paid, asked in writing for the Debt to be validated.

17. The Defendants failed to validate the debt.

18. The Defendants failed to send the Plaintiff every written correspondence advising him of his rights under state and federal law.

### C. Plaintiff Suffered Actual Damages

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

21. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, ET SEQ.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used

profane and abusive language when speaking with the consumer.

24. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

25. The Defendants' conduct violated   in that Defendants threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

26. The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants failed to report that the Debt was disputed to the credit bureaus.

27. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the Debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

30. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

31. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been validated.

32. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, ET SEQ.

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

36. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

37. The Defendants disclosed or threatened to disclose information affecting the Plaintiff's reputation for creditworthiness, in violation of MD. Code Comm. Law § 14-202(3).

38. The Defendants contacted the Plaintiff's employer, without having received a final judgment from a court, in violation of MD. Code Comm. Law § 14-202(4).

39. The Defendants used obscene and grossly abusive language when communicating with the Plaintiff, in violation of MD. Code Comm. Law § 14-202(7).

40. The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

41. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

43. Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Maryland state law.

44. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff by being rude, nasty, and obnoxious while conversing with the Plaintiff.

45. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

46. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

## COUNT IV
## VIOLATION OF LICENSING REQUIREMENTS FOR COLLECTION AGENCIES
## MD. ANN. CODE BUS. REG. § 7-101 ET SEQ.

47. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The Defendant is a "collection agency" as defined by Md. Ann. Code. Bus. Reg. § 7-101(c).

49. As a collection agency doing business within the state of Maryland, the Defendant is required to obtain a license under MD. Ann. Code.. Bus. Reg. § 7-301(a) and to execute a surety bond under MD. Ann. Code. Bus. Reg. § 7-304(a).

50. The Defendant is not in good standing and its license status is marked "forfeited"

for "failure to file property return for 2008," as indicated by the Maryland Department of Assessments and Taxation.

51. Under MD. Ann. Code. Bus. Reg. § 7-401(a), a person may not willfully or knowingly do business as a collection agency unless properly licensed.

52. The Defendant is subject to the penalties imposed under MD. Ann. Code. Bus. Reg. § 7-401(b) for failure to obtain a license while doing business as collection agency in the state of Maryland and the Plaintiff is, therefore, entitled to damages.

## COUNT VI

## COMMON LAW FRAUD

53. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of Maryland.

55. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, fear, frustration and embarrassment caused by the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 18, 2010

Respectfully submitted,

By /s/ Forrest E. Mays

Forrest E. Mays (Bar No. 07510)
2341 N Forrest Drive, Suite 90
Annapolis, MD  21403
Telephone: (410) 267-6297
Facsimile: (410) 267-6234
Email: mayslaw@mac.com

<u>Of Counsel To</u>
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorneys for Plaintiff